UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**MARY MATHIS**  CIVIL ACTION NO. 6:11-1236

**VERSUS**  SECTION "P"

**STATE OF LOUISIANA**  JUDGE DOHERTY

MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Mary Mathis. Petitioner is currently confined at the Lafayette Parish Correctional Center in Lafayette, Louisiana, awaiting trial on charges of Simple Kidnaping (two counts), Forgery (three counts), Filing False Public Records (three counts) and Violating a Protective Order. Petitioner contends that she has been illegally incarcerated and in connection with her pending criminal prosecution (Louisiana Fifteenth Judicial District Court for Lafayette Parish criminal action number 125623) that she has been subjected to unfair and improper actions by Fifteenth Judicial District Judges and, in particular, Judge Jules Edwards, III, the state court judge presiding over petitioner's criminal prosecution, petitioner's defense counsel, Harold Register, and petitioner's former bail bondsman.

In addition to a lengthy handwritten petition [rec. doc. 1] and two standardized petitions [rec. docs. 9 and 10] to which petitioner has attached numerous exhibits, petitioner has also filed several motions seeking related relief, summarized as follows: (1) a motion for removal of the pending state court criminal action to this federal court [rec.

doc. 2]; (2) a motion for this court to order the state court to provide petitioner with copies of all of the state court records and transcripts of the pending criminal proceedings free of charge [rec. doc. 6]; a motion to vacate the state court's ruling forfeiting petitioner's appearance bond for petitioner's failure to appear for a pre-trial hearing [rec. doc. 8]; a petition for removal of the pending state court criminal action to this court [rec. doc. 15]; a motion for this court to reduce petitioner's bond from $100,000 to $2,000 [rec. doc. 16]. The undersigned has considered the allegations in each of these pleadings to issue this Report and Recommendation.

After review of the entire record herein, **IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE.**

## PROCEDURAL HISTORY

In 2008, Mathis was apparently involved in a custody dispute over her teenage daughter Amanda Bernard. Mathis apparently did not obtain custody of the child, despite allegations by Bernard that her father hit her. [rec. doc. 1-1, pgs. 7-8].

Thereafter, on April 27, 2009, a warrant was issued for Mathis' arrest for simple kidnaping and for violating a protective order issued on March 1, 2007 prohibiting contact with the then fourteen year old Bernard. After her arrest, on April 27, 2009, Mathis was released from custody on bond. [rec. doc. 1-1, pg. 4].

On October 29, 2009, Mathis failed to appear for her court date. Accordingly, after the State introduced the entire criminal file showing service on all parties, as well as

the bond contract, the presiding judge, Marilyn Castle issued a bench warrant for Mathis and ordered Mathis' bond forfeited. [rec. doc. 1-1, pg. 5]. Mathis now claims that she was unable to appear in court because she was sick and had to go to the doctor.

On March 18, 2010, Mathis was arrested in Texas, after authorities discovered that she and her daughter, Bernard, were visiting Mathis' husband who was in the hospital. Mathis was transported to the Dallas County Correctional Center to await extradition to Louisiana, while Bernard was placed in the custody of the Texas Office of Community Services. [rec, doc. 1-1, pg. 3].

On August 9, 2010, Mathis was extradited from Texas to Louisiana. Mathis' bond was apparently set at $100,000, which Mathis was unable to post. She appeared before the court on September 23, 2010, at which time the court denied her motion to set aside the prior bond forfeiture.

On November 29, 2010, Mathis appeared in court represented by Harold Register. On joint motion, Judge Edwards continued Mathis' trial until May 9, 2011, and pre-trial conference was set for March 24, 2011. Mathis' motion for bond reduction was denied after Mathis testified on her own behalf. [rec. doc. 1-1, pg. 9].

Mathis submitted a petition for writ of *habeas corpus* to the Louisiana Third Circuit Court of Appeal, which was received by that court on February 22, 2011. However, Mathis alleges that the petition was returned to her without explanation. [rec. doc. 1-1, pg. 1-3]. She then submitted a petition for writ of *habeas corpus* to the

3

Louisiana Supreme Court. [rec. doc. 1-2, pgs. 1-8]. The Louisiana Supreme Court returned the petition, unfiled, on March 22, 2011 because the petition was not properly before the court. More specifically, the Louisiana Supreme Court advised that Mathis must first present her *habeas corpus* claims to the district court, and then, in the event of an unsatisfactory ruling, file for writs in the Court of Appeal. [rec. doc. 1-2, pg. 9].

On March 24, 2011, Mathis appeared in court for her pre-trial conference again represented by Harold Register. Counsel advised that there was a pending sanity commission, wherein both Drs. McDonald and Friedberg had opined that Mathis was incompetent to assist counsel and proceed to trial. After a recess, defense counsel submitted the matter on the reports of Drs. McDonald and Friedberg, and waived Mathis' appearance for the court's ruling. Based on the doctors' reports, Mathis was declared incompetent to assist counsel and proceed to trial. Accordingly, Judge Edwards ordered that Mathis be committed for pre-trial treatment. [rec. doc. 1-1, pg. 10].

On April 11, 2011, Mathis was transported to a mental health facility in Jackson, Louisiana for treatment. She was returned to the Lafayette Parish Correctional Center on May 24, 2011.

The instant petition was filed on June 24, 2011.

## LAW AND ANALYSIS

Petitioner is a pre-trial detainee who is seeking federal intervention in her pending state court criminal prosecution. Her requests for relief include a request for an order of this court mandating her release from state court custody through federal reinstatement of

her previously forfeited bond or, alternatively, reduction of the amount of her present bond, removal of the entire state court criminal prosecution for further proceedings in this court based upon the alleged personal bias in favor of, and relationship with, Bernard's father, by Fifteenth Judicial District Court Judge Jules Edwards, a request that sanctions be issued against defense counsel Harold Register for his alleged inadequate and improper assistance, and a request that this court fashion some form of relief to protect Amanda Bernard from alleged abuse by her father, who the state court has apparently appointed as her legal guardian.

Although petitioner has submitted some of her claims utilizing this court's standardized petition for seeking relief pursuant to 28 U.S.C. § 2254, the petition is properly construed as filed pursuant to 28 U.S.C. § 2241, which grants state prisoners the right to seek pre-trial *habeas corpus* relief in federal courts.[1]

With regard to *habeas* petitions filed under 28 U.S.C. § 2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting claims in federal court. However, like persons seeking relief under § 2254, the jurisprudence requires that persons seeking relief pursuant to § 2241 first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816

---

[1] *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) *citing Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir. 1982); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 503-504, 93 S.Ct. 1123, 1133-34, 35 L.Ed.2d 443 (1973).
.

F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225 *citing Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction. The jurisprudence distinguishes a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring her promptly to trial. *Dickerson*, 816 F.2d at 225; *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976). In *Brown v. Estelle,* the Fifth Circuit stated:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown*, 530 F.2d at 283.

In her pleadings, petitioner asks this court not only to vacate and reverse several of the state court's rulings, but also to assume jurisdiction over her pending Louisiana state

6

court prosecution. Thus, it is clear from petitioner's allegations and prayers for relief that she seeks to "disrupt the orderly functioning of state judicial processes" in an obvious attempt to "derail" and "abort" those processes. As set forth above, such relief is not available by petition for federal *habeas corpus* relief pursuant to § 2241. *See Dickerson,* 816 F.2d at 226 and 229*; Braden* and *Brown*, *supra.*

Moreover, while the Court recognized in *Braden* that federal *habeas* relief may be available prior to a judgment of conviction if "special circumstances" exist[2], no special circumstances exist here. Nothing in the chronology of events of this case, nor in the evidence submitted by the petitioner in support of her claims, persuades the undersigned that the merits of petitioner's claims should be considered before she has been tried. If this were not the case, federal courts could be used as a "pretrial motion forum for state prisoners." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) *citing Braden*, 410 U.S. at 493; *see also Dickerson*, 816 F.2d at 229.[3] Therefore, to the extent that Mathis seeks this court's intervention in the pending state court proceedings, this court finds no "special circumstance" to warrant *habeas* relief by this court.

Finally, even if federal *habeas corpus* relief was available to petitioner, dismissal is warranted because Mathis has failed to fully and properly exhaust state court remedies

---

[2]*Dickerson*, 816 F.2d at 227 *citing Braden*, 410 U.S. at 490, 93 S.Ct. at 1127.

[3]*See also Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (The cost, anxiety and inconvenience of having to defend against a criminal prosecution does not constitute irreparable injury necessitating federal intervention).

7

on all claims raised herein. In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of her claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," she has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 *citing Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of the claim in a procedurally correct manner to the Louisiana Supreme Court.

Mathis submits copies of state petitions for *habeas corpus* relief which she attempted to file in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court. Neither of those petitions was filed by the Clerks of those courts because petitioner failed to present her claims in a procedurally proper manner by first presenting her claims to the district court in a properly filed state *habeas corpus* petition. [*See* rec. doc. 1, pg. 25]. While petitioner alleges that she filed numerous motions in the state trial court, including a motion to recuse Judge Edwards, a motion for production of court records, a motion for a change of venue, a motion (or request) for self-representation and motions to set aside petitioner's bond forfeiture, there is no indication in Mathis' voluminous filings that she ever filed a petition for state *habeas corpus* relief. Thus, the instant petition is subject to dismissal for plaintiff's failure to properly and fully exhaust state court remedies. [4]

For the above reasons, the undersigned concludes that federal *habeas corpus* relief is not available to petitioner herein and the instant petition should be dismissed.

---

[4]These same reasons support a finding that petitioner has not demonstrated an absence of an available State corrective process. *See* La.C.Cr.P. arts. 351 *et seq*. Exercising jurisdiction here before Mathis has followed the State's procedures would deprive the state appellate courts of a meaningful opportunity to correct any alleged errors by the state trial court. Accordingly, since the remedy sought in the petition may be resolved by other state procedures available to the petitioner, exercise of pre-trial federal *habeas* jurisdiction is improper.
  Moreover, these same reasons support dismissal to the extent that Mathis' pleadings may be construed as seeking review of any contempt ruling issued by the state court for failure to appear. Such challenges are properly filed pursuant to under 28 U.S.C. § 2254, which likewise requires full and proper exhaustion of state court remedies before seeking federal *habeas corpus* relief.

Furthermore, while there is a provision allowing the removal of a state criminal prosecution, that provision applies only in cases of racial discrimination. *See* 28 U.S.C. § 1443. Mathis seeks removal because of alleged judicial bias based on an alleged personal relationship between Judge Edwards and other Fifteenth Judicial District Court Judges and Amanda Bernard's father, and because Judge Edwards was allegedly in violation of Louisiana state law (La. R.S. 15:87) when he refused to reinstate petitioner's forfeited bond, despite petitioner's claim that she failed to appear in court on October 29, 2009 because she was sick and had to go to the doctor. Even if true, such allegations would not bring the instant case within the ambit of § 1443. The rights asserted by Mathis herein are not based on federal laws stated in terms of racial equality. *See generally*, *Sinclair v. State of Louisiana*, 384 F.2d 310, 310 (5th Cir. 1967); *Muhammad v. Muhammad*, 78 Fed. Appx. 942, 943-944 (5th Cir. 2003); *Cabello v. Texas*, 71 Fed. Appx. 315, 316 (5th Cir. 2003). Indeed, nothing contained in the record indicates that Mathis has suffered a deprivation of any constitutionally protected right. To the contrary, the record before this court reveals scrupulous attention by the State court to protect petitioner's Constitutional rights. Thus, removal is not available in this case.

Likewise, this court cannot order the state court to furnish Mathis with free copies of her state court records and transcripts. This court lacks jurisdiction to issue an order to a state court or its officers to act on a case pending before it. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) *citing Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971) and *Haggard v. Tennessee*,

421 F.2d 1384 (6th Cir. 1970); *Lewis v. Texas*, 273 F.3d 1100, 1100 (5th Cir. 2001); *Leleaux v. Harrison*, 2009 WL 1787698, *4 (W.D. La. 2009); *Douglas v. Cockrell*, 104 Fed. Appx. 371, 372 (5th Cir. 2004); *Rhodes v. Keller*, 77 Fed. Appx. 261 (5th Cir. 2003).

In conclusion, without demonstrating any special or exceptional circumstance, petitioner requests this Court to intervene in, and assume jurisdiction over, a pending state court criminal prosecution. For the above reasons, this court cannot grant petitioner's requests. Federal *habeas* relief cannot be used as a "pre-trial motion forum for state prisoners." *Tooten,* 493 F.2d at 177 fn.19 *citing Braden,* 410 U.S. at 493. To review petitioner's claims at this time would create just such a result. After the state proceedings are concluded, federal *habeas* proceedings can be instituted by Mathis after she has exhausted state court remedies by writ, on direct appeal or by post-conviction proceedings. *Dickerson*, 816 F.2d at 229.

For the above reasons, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 6th day of September, 2011.

*/s/ C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE